EDWIN C. MULLIGAN, as Substituted Trustee, etc., of WILLIAM
   JOHN BARR, Deceased, Appellant, *v.* BOND AND MORTGAGE
   GUARANTEE COMPANY, Respondent.

First Department, November 5, 1920.

Pleadings — plaintiff not entitled to judgment on pleadings when
   allegations of complaint denied — facts admitted by defendant's
   motion for judgment on pleadings — trusts — adult beneficiaries
   may waive requirement of section 2639 of Code of Civil Procedure
   that trustee give bond — distinction between capacity to sue and
   cause of action — distinction between lack of jurisdiction and
   error in exercise thereof.

Where in an action by a substituted trustee for a breach of the defendant's
   guaranty to pay certain interest on securities belonging to the trust estate,
   the defendant's answer denies all the material allegations of the complaint,
   the plaintiff's motion for judgment on the pleadings under section 547 of
   the Code of Civil Procedure is properly denied, but on the defendant's
   motion for judgment on the pleadings every material fact set out in the
   complaint must be deemed to be admitted.

Although section 2639 of the Code of Civil Procedure requires a testamentary
   trustee appointed by the Surrogate's Court to give a bond, said provision
   is not mandatory and the beneficiaries of the trust estate, being all adults,
   may waive said requirement and consent that a substituted trustee be
   appointed without giving security, for no matter of public interest or policy
   is involved.

The fact that the Surrogate's Court appointed a substituted trustee without
   requiring a bond, pursuant to the consent of the adult beneficiaries, did not
   affect the legal capacity of said trustee to bring an action for the benefit
   of the estate.

There is a distinction between capacity to sue, which is the right to come
   into court, and sufficiency of the cause of action, which is the right to
   relief in court.

There is a distinction between a grant of jurisdiction and a regulation of the
   exercise of the jurisdiction. The jurisdiction of the subject-matter does
   not depend upon the correct exercise of the power in the particular case,
   and if the decision of the court in the latter respect is erroneous the only
   remedy is by appeal or by direct application to the court.

APPEAL by the plaintiff, Edwin C. Mulligan, as substituted
trustee, etc., from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the
clerk of the county of New York on the 21st day of July,

1919, denying the plaintiff's motion for judgment on the pleadings and granting defendant's motion for judgment on the pleadings and directing judgment in favor of the defendant dismissing the complaint.

*Edwin C. Mulligan,* for the appellant.

*Lynn C. Norris* of counsel [*Edward M. Perry,* attorney], for the respondent.

PAGE, J.:

The plaintiff is the substituted trustee under the last will and testament of William John Barr, deceased. Among the assets of the estate in his hands are four certain bonds and mortgages, the payment of interest on which at one-half of one per cent less than the rate specified therein and the payment of the principal sum secured thereby, was guaranteed by the defendant to the plaintiff's predecessor and all subsequent owners and holders of said bonds and mortgages by certain guarantee policies in which the owner and holder of the said bonds and mortgages agreed to permit the defendant to collect all interest and principal of said bonds and to refrain from collecting any part thereof except through the defendant.

On July 1, 1918, interest to the amount of $197. became due upon three of the said bonds and plaintiff demanded payment thereof and the defendant refused. This action was brought to recover such interest. The complaint sets forth the will of William John Barr, a copy of which is thereto annexed; the appointment and qualification of Charles H. Beckett as executor and trustee under said will; the assignment to Beckett of four certain bonds and mortgages; the issuance by the defendant of the guarantee policies; the death of Beckett, and that on March 1, 1918, his executors filed an account of his proceedings as testamentary trustee, together with their petition thereon; that Abbie V. Barr is the widow and William H. Barr and Eleanor Barr are the children of William J. Barr, deceased, and are his only heirs at law and next of kin, and are the only persons interested, contingently or otherwise, in his estate or under or pursuant to the terms and provisions of his last will and testament, and that they

were at all times thereinafter mentioned of full age and sound mind, and legally capable of contracting for themselves; that Abbie V. Barr, William H. Barr and Eleanor Barr filed in said proceeding their duly acknowledged consents to the appointment of plaintiff as substituted trustee and requested and consented that he be not required to give bond, security or undertaking. Such proceedings were had that on April 15, 1918, a decree of the Surrogate's Court was duly made and entered, a copy of which is annexed to the complaint, which among other things provided:

"And all of the parties in interest being of full age and having consented in writing to such appointment, and having duly waived the requirement of any bond or security from him, by instrument in writing duly filed herein, it is further

" Ordered, adjudged and decreed that Edwin C. Mulligan be and he hereby is substituted as the trustee of and under the last Will and Testament of William John Barr, deceased, in place and stead of said Charles H. Beckett (now deceased)."

Every material allegation of the complaint is denied by the answer. The plaintiff's motion for judgment in his favor was, therefore, properly denied. The defendant by moving for judgment on the pleadings under section 547 of the Code, for the purposes of the motion, admits every material fact set out in the complaint. (*Clark* v. *Levy,* 130 App. Div. 389, 392.)

The defendant contends that the requirement of section 2639 of the Code of Civil Procedure is mandatory and cannot be waived; that the defect is such that the sufficiency of the decree of the Surrogate's Court can be inquired into collaterally, and that the plaintiff, having been appointed a substituted trustee, without being required to give a bond, has not legally capacity to sue. In the statement that the plaintiff has not legal capacity to sue the defendant's counsel has failed to distinguish between capacity to sue and sufficiency of the cause of action. " There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues." (*Ward* v. *Petrie,* 157 N. Y. 301, 311.) The

plaintiff was duly appointed substituted trustee and has capacity to sue as such. The contention that he cannot recover in this action because he has not given the required bond, goes to the sufficiency of the facts stated to constitute a cause of action.

So far as material to this case, section 2639 provides: " Whenever * * * by an order of the Surrogate's Court, a trustee is appointed, * * * who is required to hold, manage, or invest any money, securities or property real or personal for the ᵻbenefit of another, such trustee * * * before receiving any such property into his possession or control shall * * * execute to the People of the State of New York, in the usual form, a bond with sufficient surety or sureties in an amount to be fixed by the surrogate."

The defendant argues that the failure to require the bond from the substituted trustee is a jurisdictional defect. In this contention the learned counsel for the defendant has failed to distinguish between the grant of jurisdiction, and a regulation of the exercise of the jurisdiction. Jurisdiction of the subject-matter is power lawfully conferred to adjudge concerning the general question involved; it is power to act upon the general abstract question and to decide whether particular facts call for the exercise of that power. The jurisdiction of the subject-matter does not depend upon the correct exercise of the power in the particular case. If the decision of the court is erroneous, if it proceeds irregularly, within the general abstract question, the remedy is by appeal, or by application to the court directly in the matter. No matter how erroneous may have been the judgment of the court upon the particular facts, if the subject-matter was within its jurisdiction, it is binding until it is reversed or set aside. (*Field* v. *Chronik*, 190 App. Div. 501, 503.)

The proceeding in the Surrogate's Court was an accounting of the executors of a deceased testamentary trustee and the appointment of a substituted trustee, which was within the express jurisdiction of that court. (Code Civ. Proc. § 2510.) There can, therefore, be no question but that the court had jurisdiction of the subject-matter. It appears from the admitted facts that the persons who were parties to the proceeding were the only ones interested contingently or otherwise

in the estate of William John Barr, deceased. The court, therefore, had jurisdiction of the parties. The court had power to act, to appoint the substituted trustee. The requirement for a bond to be given is, therefore, a regulation for the exercise of the power. If the dispensing with the bond was erroneous, the court did not lose jurisdiction of either the subject-matter or the parties, and the remedy would be either an application to the court that made the order to correct the error, or an appeal therefrom to this court.

In our opinion there was no error committed. The requirement of a bond from a trustee appointed by the court, who is to receive money or property, is to insure the beneficiaries and parties interested in the fund to be administered against loss through a depletion of the fund by misfeasance or malfeasance.

It is a matter that concerns only those who have a present or expectant interest in the fund. There is no public interest or public policy to be served. It is well settled that any person who is of full age and competent can waive a right intended for his benefit, whether it be contractual, statutory or constitutional, if it can be relinquished without detriment to the community at large, or in other words, without contravening public policy. Therefore, where all the parties in interest, being of full age and competent, have consented in writing to the appointment of the substituted trustee, and have expressly in writing requested and consented that he be not required to give the bond, the surrogate could properly dispense with the bond.

The order in so far as it grants the defendant's motion for judgment should be reversed and the motion denied, and in so far as it denies plaintiff's motion should be affirmed, without costs to either party.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Order so far as it grants defendant's motion reversed and said motion denied; in so far as it denies plaintiff's motion for judgment on the pleadings, affirmed, without costs to either party.