CARNES *v.* BUTT, CHANCELLOR.

4-8988                                                                221 S. W. 2d 416

Opinion delivered June 20, 1949.

*William C. Jenkins* and *Grant & Rose,* for petitioner.

*G. T. Sullins* and *Rex W. Perkins,* for respondent.

PER CURIAM. By petition for *certiorari* C. E. Carnes, J. S. Kreitzer, J. M. Thornsberry, Jack Winters, Jesse Barnes, and Robert Eaton have asked this Court to set aside their conviction on contempt charges. The controversy grows out of a complaint filed May 4, 1949, by Carl Tune. He alleged a contract with Ozarks Rural Electri-

fication Cooperative to build a warehouse in Fayetteville for use of Cooperative.

The original complaint charged that C. E. Carnes, personally, and in his capacity as representative of International Hod Carriers' Building and Common Laborers Union, and Melvin Han, as president of Local No. 107, American Federation of Labor, and Local *per se*, caused a strike to be called April 19, in consequence of which unlawful picketing was being carried on. It was further alleged that these activities, as practiced, were in violation of Act No. 193 of 1943. A temporary restraining order was sought. The record before us shows that the parties appeared in person and by their attorney, and after testimony had been heard, "and with consent of the defendants", they, their agents and employees were temporarily restrained from interfering with progress of the work "by threats, intimidation, or otherwise". They were also forbidden to picket until their legal right to do so in the circumstances should be determined. When Carnes and the five other defendants concerned with this proceeding disobeyed the Court's order, they were cited to show cause why judgments as for contempt should not be pronounced. They entered pleas of not guilty and on May 9th the cause was continued until May 17th, bond for $500 in each case being required. The decree of May 17th recites that " . . . by agreement of the parties, the hearing on contempt comes on for further evidence to be introduced". Following the hearing fines of $50 and ten days in jail were assessed against each. Execution of the judgments was stayed until a review by this Court could be had.

Petitioners insist that the Court was without jurisdiction because an injunction bond was not executed. We think a complete answer is that the order of May 4th was by consent. It is clearly shown that when the defendants were brought into Court they were not certain respecting their rights, and required time to confer with counsel, and an opportunity to employ additional counsel, hence the delay was for their advantage and they had a right to consent to be bound by a temporary order. It is now insisted that the Court could not prohibit peaceful pick-

cting. Where a Court has jurisdiction of the subject matter and the person, it may exercise its apparent power, even though error is committed in doing so, a matter not reached for consideration here. The principle upon which the trial Court in this case proceeded was that facts in support of the plaintiff's allegations were yet to be developed, and the defendants likewise were entitled to be heard in opposition to the plaintiff's charges of illegal picketing. But during the interim allowed for the benefit of each side, the defendants arbitrarily concluded that the Court was wrong in issuing the injunction, hence it could be disobeyed without penalty. The law is otherwise. The proper procedure would have been to obey the order until a higher Court passed upon its validity.

On review it is urged that the injunction was not a consent order and that its presentation as such is erroneous. If so, this could have been shown through a bystanders' bill of exception. Our statutes protect litigants against such mistakes and give preferential consideration to the bill.

The situation narrows down to the simple proposition that the defendants chose to follow advice of persons who were mistaken regarding legal effect of what they proposed to do. In taking this course they assumed the responsibility for that mistake, and their misfortune must be left to the sound discretion of the trial court.

The relief prayed for in the petition is denied.