HICKINBOTHAM v. WILLIAMS, CHANCELLOR.

4864                                               296 S. W. 2d 897

Opinion delivered December 17, 1956.

[Rehearing denied January 21, 1957.]

*Kenneth Coffelt,* for petitioner.

*Bailey, Warren & Bullion,* for respondent.

J. SEABORN HOLT, Associate Justice. On July 9, 1956 the City of Little Rock duly enacted Ordinance 10206 which prohibited the operation of grocery stores and meat markets on Sunday. The ordinance contained these provisions: "Section 1. That it shall be unlawful for any person or persons, firm, corporation or association within the corporate limits of the City of Little Rock,

Arkansas, on the first day of the week, commonly called Sunday, to open to the public, or to sell, or offer to sell, give away, or dispose of, in any manner from any grocery store, building or establishment where groceries, fruits or vegetables or articles ordinarily sold from a grocery, fruit or vegetable store or stand; or to open any meat market, sell, offer to sell or give away from such meat market any meats or other products ordinarily sold or handled in meat markets; and all such grocery stores and meat markets shall be closed on said day; provided, however, that nothing herein contained shall extend to those who conscientiously observe the seventh day of the week as the Sabbath, and in pursuance of such observation, shall close and keep closed their store or meat market on the seventh day of the week, commonly known as Saturday. Section 2. That any person, persons, firm, corporation or association violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor; and upon conviction thereof, shall be fined not less than Twenty-Five Dollars ($25.00) nor more than One Hundred Dollars ($100.00) for each separate offense. Section 3. That each Sunday which such grocery store and/or meat market is opened to the public for purposes prohibited in Section 1 of this ordinance shall be deemed a separate offense. Section 4. That all ordinances or parts of ordinances in conflict herewith are hereby repealed.'' Section 5 was an emergency clause. Petitioner Hickinbotham, who had on many Sundays prior to the enactment of said ordinance operated his grocery store on the sabbath, continued to keep open and operate on practically every Sunday since the enactment of the ordinance.

Plaintiffs, some 20 in number, who operated retail grocery stores in Little Rock, on behalf of themselves and all others similarly situated, filed suit in Pulaski Chancery Court August 17, 1956, seeking to enjoin appellant from continuing to open and operate his grocery store on Sunday. Plaintiffs alleged, in effect, that appellant's consistent and continual violation of the above ordinance amounted to a public nuisance and damaged their civil property rights and privileges. Hickinbotham filed one

general and two special demurrers to the complaint, in which he questioned the constitutionality of the ordinance and the jurisdiction of the Pulaski Chancery Court to enjoin him under the allegations of the complaint. On a hearing the court overruled the demurrers, whereupon the plaintiffs (retail grocers) asked for a temporary restraining order, which the court granted on the following morning, and after plaintiffs had given a bond, which was approved and filed, Hickinbotham continued his practice to open and operate his grocery store on Sunday. Subsequently and on September 18, 1956, the court ordered petitioner to show cause why he should not be punished for contempt of the court for willful disobedience of the court's order. On a hearing, Hickinbotham was adjudged guilty of contempt for having kept his store open on Sunday, September 16, 1956, in violation of the court's order, and his punishment fixed at a fine of $50.00 and a term of ten days in jail.

Petitioner has filed in this court "Petition for Writ of *Certiorari*" alleging: "Petitioner alleges that all of the judgments, orders and decrees for temporary restraining order, and the judgment holding petitioner in contempt of court is void. They are void because the Chancellor has no jurisdiction to enter, or cause to be entered, any such orders, judgments or decrees, as herein referred to, or either of them. The judgments, orders and decrees violate the constitutional rights of petitioner under both the Arkansas Constitution and U. S. Constitution. They violate the Arkansas Statutory rights of the petitioner. Petitioner, therefore, alleges that because of the above and foregoing facts, which the petitioner alleges to be true, he is now being unlawfully and wrongfully punished under the Chancellor's decree holding him in contempt of court, which judgment and decree is now being enforced." We hold that this writ must be denied.

The above ordinance is constitutional. It is based on our basic statute, Ark. Stats. 1947 § 41-3802-3, and is consistent with this statute. In a similar situation in the case of *Taylor* v. *City of Pine Bluff*, 226 Ark. 309, 289

S. W. 2d 679, wherein Taylor was convicted under the above basic statute for having his grocery store open on the sabbath, we held the above statute constitutional. We there said: "We prefer to give full effect to the presumption of constitutionality that attends every statute and to uphold the statutory classification in the absence of proof indicating that there is no reasonable basis for the distinctions laid down by the legislature. Under this view, which prevails in many jurisdictions, Sunday laws applicable only to grocery stores and meat markets have been held to represent a reasonable classification. *People* v. *DeRose*, 230 Mich. 180, 203 N. W. 95; *State* v. *Somberg*, 113 Neb. 761, 204 N. W. 788; see also *Theisen* v. *McDavid*, 34 Fla. 440, 16 So. 321; *State* v. *Towery*, 239 N. C. 274, 79 S. E. 2d 513, appeal dismissed, 347 U. S. 925. It is our conclusion that a Sunday law applying only to grocers would be valid and that therefore the appellant is entitled only to be treated in the same manner as other grocers . . ."

The Pulaski Chancery Court had jurisdiction under the complaint, which, as indicated, alleged that petitioner's acts amounted to a nuisance and damaged their civil property rights. We so held in *State ex rel. Atty. Gen.* v. *Karston,* 208 Ark. 703, 187 S. W. 2d 327.

Petitioner's remedy in the circumstances was by appeal, whether the trial court's decree punishing petitioner for contempt was right or wrong, it was petitioner's duty to obey it as long as it remained in force. See *Stewart, et al.* v. *State,* 221 Ark. 496, 254 S. W. 2d 55. Also see *Carnes* v. *Butt, Chancellor,* 215 Ark. 549, 221 S. W. 2d 416. In the latter case we said: "Where a Court has jurisdiction of the subject matter and the person, it may exercise its apparent power, even though error is committed in doing so, a matter not reached for consideration here. The principle upon which the trial Court in this case proceeded was that facts in support of the plaintiff's allegations were yet to be developed, and the defendants likewise were entitled to be heard in opposition to the plaintiff's charges of illegal picketing. But during the interim allowed for the bene-

fit of each side, the defendants arbitrarily concluded that the Court was wrong in issuing the injunction, hence it could be disobeyed without penalty. The law is otherwise. The proper procedure would have been to obey the order until a higher court passed upon its validity.'' Whether petitioner here should be enjoined on final hearing would depend upon the evidence presented upon a trial of the issues. There has been no such trial. In the oral argument before this court, Counsel stated there had been a trial and decree since the present action was filed here, and that an appeal from that decree is now being prosecuted to this court.

Accordingly, the writ is denied.