## Barry BRAZIL *v.* ARKANSAS STATE BOARD OF DENTAL EXAMINERS

82-302                                     648 S.W.2d 476

Supreme Court of Arkansas
Opinion delivered April 4, 1983
[Rehearing denied May 9, 1983.]

*Ronald J. Bruno and Associates,* for appellant.

*Howell, Price & Trice, P.A.,* by: *William E. Trice, III,* for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal by Barry Brazil from an order finding him to be in contempt of court and fixing the punishment at a $1,000 fine and a three-day jail sentence, the latter being stayed during the appeal.

In 1979 the Board of Dental Examiners brought suit to enjoin Brazil and his wife, who are not licensed dentists, from practicing dentistry. The final decree found that the defendants, doing business as American Denture Center, had (1) made dentures without a work authorization from a licensed dentist, (2) had offered their services to the public through media advertising, and (3) had offered to sell, repair, or alter dentures, all in violation of Ark. Stat. Ann.

§§ 72-540 and -545 (Repl. 1979). The decree enjoined the defendants "from selling or delivering or offering to sell or deliver to the general public the construction, repair, reproduction, duplication, alteration, adjustment, cleaning, polishing, refinishing, or in any other manner processing of any artificial or prosthetic tooth or teeth, bridge, crown, denture, restoration, appliance, device, structure, or material or orthodonic appliance or material to be worn or used in the mouth."

In 1982 the Board filed a motion asking that Barry Brazil be held in contempt for having violated the court's order by treating Mary Ross on January 16 and 23, 1982. After a hearing the chancellor found that Brazil had violated the order by treating Mary Ross. This appeal from that order was transferred to us by the Court of Appeals.

The facts are not seriously in dispute. After the injunction was issued, the Brazils conducted their business by taking Dr. Burnett, a licensed dentist, with them as they traveled over the state in a mobile dental van. On January 9, 1982, Mary Ross went to the mobile unit in Dardanelle and saw Dr. Burnett, who took the initial impressions of her mouth. She returned a week later and was treated only by Barry Brazil, who took wax "bite rim" impressions of her mouth. She again returned on January 23 and obtained her dentures from Barry Brazil, who delivered her dentures (which did not fit) and gave her some glue to use on the dentures for two weeks. She was not attended by Dr. Burnett on that visit. She went back again on February 6, but the results were unsatisfactory.

Brazil's own testimony is hard to follow, as he was to some extent evasive, but his attorney abstracts part of it in these words:

> On the 23 of January, I saw her and gave her some glue and told her to come back in two weeks for another fitting. I don't remember from visit to visit if Dr. Burnett treated her directly or not. He treats a lot of patients. I did it for him sometimes. I gave her the dentures by Dr. Burnett's instructions. On January 23, I

don't know if Dr. Burnett or anyone else examined Ms. Ross. I personally handed her the dentures. I don't remember the visit on February 6. I remember repairing, shortening and modifying her dentures. I painted white impression paste on the inside of the denture. It shows the areas of pressure on the gum. Then I gave the dentures back to her to put in her mouth. I didn't just modify them without checking that they were placed correctly. I could tell by the bite relationship of the teeth, and I modified the dentures that day. I don't remember if Dr. Burnett saw her that day.

The appellant's brief misses the point, for he argues essentially that the original decree required *only* that he obtain written work orders from a licensed dentist, which he has done. The decree, however, also enjoined Brazil from delivering dentures to the general public and from altering or adjusting them, all of which he has admittedly done. Appellant's argument is that the statute was changed after 1980 by an amendment of § 72-543 (Supp. 1981), that he was not charged with a violation of the new statute, and that the injunctive order was therefore void and may be collaterally attacked. We are not convinced that the language of the order went beyond the statute, but even if it did the appellant should have sought a modification of the order rather than violating it. As we said in *Stewart* v. *State*, 221 Ark. 496, 254 S.W.2d 55 (1953): "That the petitioners thought the order too comprehensive is of course immaterial, since it was their duty to obey even an erroneous decree as long as it continues in force. *Carnes* v. *Butt, Chancellor*, 215 Ark. 549, 221 S.W.2d 416 [1949]." We may sum up by saying that apparently Brazil thought he could continue to treat patients himself as long has he had a written work order based upon a licensed dentist's initial examination of the patient. That view, however, was contrary to the language of the injunctive order and cannot serve as a defense to the citation for contempt of court.

Affirmed.