A. C. BANNING *v.* STATE of Arkansas

CA CR 87-31                                                737 S.W.2d 167

Court of Appeals of Arkansas
Division I
Opinion delivered September 30, 1987

*Sexton, Kirkpatrick, Nolan, Vanwinkle & Caddell, P.A.,* by: *Sam Sexton, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Mary Beth Sudduth,* Asst. Att'y Gen., for appellee State of Arkansas.

GEORGE K. CRACRAFT, Judge. A.C. Banning appeals from an order of the circuit court of Franklin County revoking his suspended sentence and ordering it executed. He argues that the trial court erred in not holding that the violation of the terms of his suspended sentence was excusable; that the trial court erred in revoking the suspension for the occurrence of an event which occurred prior to the imposition of the sentence; and that the evidence is insufficient to support the conviction. We find no error and affirm.

On May 29, 1986, the appellant entered a plea of guilty to a misdemeanor charge and was fined $1,000.00 and sentenced to one year in jail. Nine months of that sentence was suspended, conditioned on his good behavior and that he commit no offense punishable by imprisonment during the period of suspension or while serving the ninety days. The court further gave the appellant the privilege of serving his jail time on weekends. On the day he was sentenced, the appellant gave to the sheriff a check in payment of the $1,000.00 fine. The check was twice returned marked "Insufficient Funds." A petition to revoke the suspension was thereafter filed and a hearing held. The court found that the evidence preponderated in favor of the finding that the appellant had issued the check in payment of a fine with intent to defraud the county.

The appellant first argues that the evidence is insufficient to sustain the finding that he had violated the condition of his suspended sentence. In revocation hearings, the burden is on the State to prove the violation by a preponderance of the evidence. On appellate review, this court will not reverse a decision of the trial court unless it is clearly against a preponderance of the evidence, and the burden rests upon the appellant to show that the findings were erroneous. *Smith* v. *State,* 9 Ark.

App. 55, 652 S.W.2d 641 (1983); *Farr* v. *State*, 6 Ark. App. 14, 636 S.W.2d 884 (1982).

The State offered oral testimony that, on the day the appellant pled guilty and his sentence was announced, he delivered to the sheriff his check for $1,000.00 in payment of the fine. The check was returned by the bank because there were insufficient funds to honor it. The check was redeposited and returned a second time. The appellant's bank statement, dated June 2, 1986, showed that his balance as of May 28, 1986, the day before he gave his check to the sheriff, was $5.48. It was shown that on June 2 the bank notified the appellant that the check had not been honored because of insufficient funds and that his balance was at that time $270.48. On June 17, the bank again notified him of the insufficiency of his account to cover the check and that his balance was $335.06.

Arkansas Statutes Annotated § 67-720 (Supp. 1985) provides that it shall be unlawful for any person to pay any fine or court costs by making, drawing, uttering, or delivering, with the intent to defraud, any check knowing at the time that he does not have sufficient funds on deposit with the bank for the payment of such check. Arkansas Statutes Annotated § 67-722 (Supp. 1985) declares that, for the purposes of this section, it is prima facie evidence that the maker intended to defraud and knew at the time of the making of the check that it would not be honored if the check bears the endorsement or stamp of a collecting bank indicating the instrument was returned because of insufficient funds. The statute makes the drawing of such a check in excess of $200.00 but less than $2500.00 a class C felony.

The evidence was clearly sufficient to show that the appellant wrote the check in the amount of $1,000.00 for the payment of a fine; that there were insufficient funds in his account both before and after the check was written; that the appellant was notified on two occasions that the check had not been honored; and that the check bore the stamp of the bank indicating the check was returned because of insufficient funds. Although the appellant offered testimony that he never received notice that his check had been returned, the court was not required to believe him. *Smith* v. *State*, 9 Ark. App. 55, 652 S.W.2d 641 (1983).

The appellant further argues that the trial court erred

in not finding his conduct excusable. He stated that the checks were returned because two checks totaling $700.00 he had deposited in his account had been charged back to his account. The record shows that these checks were returned more than a month before the check was written in payment of his fine, and that, even if the checks had been credited to his account, there would not have been sufficient funds to cover the check he gave to the sheriff. Nor do we find merit in his contention that the sheriff had a duty to inform him that the check had been dishonored or demand payment of the fine at some subsequent date.

At the close of the State's case, appellant moved to dismiss the petition because the evidence before the court failed to show that there was an attempt to defraud the county. There was no other objection made to the revocation. Appellant now argues that his suspended sentence was revoked for an event that occurred before judgment was actually entered of record and before he received a written statement of the conditions of his suspension. As the appellant at no time raised these issues by pointing them out to the trial court at the revocation hearing, this court will not consider them for the first time on appeal. *Hoffman* v. *State*, 289 Ark. 184, 711 S.W.2d 151 (1986); *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986). Although Ark. Stat. Ann. § 41-1203(4) (Repl. 1977) requires that a defendant be given a written statement specifically setting forth the conditions of his suspended sentence, this procedural right, like any other, may be waived. *Cavin* v. *State*, 11 Ark. App. 294, 699 S.W.2d 508 (1984). With respect to appellant's argument that his suspension could not be revoked for an event which occurred before judgment was entered of record, we additionally note that the supreme court made it clear in *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 795 (1986), that, in a criminal case, a sentence is effective from the date of rendition.

It is finally contended that the trial court erred because it revoked the suspension before the period of suspension began to run. It is argued that, although this issue was not raised in the trial court, as the court lacked subject matter jurisdiction to revoke the sentence in these circumstances, the issue may therefore be raised for the first time on appeal. We do not address the question, however, because we conclude that the court did not lack jurisdiction to revoke the suspension and the failure of appellant

to raise the issue in the trial court precludes our consideration of it for the first time on appeal. *Nation v. State*, 283 Ark. 250, 674 S.W.2d 939 (1984).

The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside. *West Coast Exploration Co.* v. *McKay*, 213 F.2d 582 (D.C. Cir. 1954); *City of Phoenix* v. *Rodgers*, 44 Ariz. 40, 34 P.2d 385 (1934); *Davis* v. *Oliver*, 304 Ill. App. 71, 25 N.E.2d 905 (1940); *Conrad* v. *Le Moines*, 253 Iowa 320, 112 N.W.2d 360 (1961); *Mulligan* v. *Bond & Mortgage Guarantee Co.*, 193 App. Div. 741, 184 N.Y.S. 429 (1920). *See also* 20 Am. Jur. 2d *Courts* §§ 88 and 90 (1965); and cases collected in 23(A) Words and Phrases, *Jurisdiction of the Subject Matter* (1967). This distinction has also been recognized and applied in our courts. *See Lamb* v. *Howton*, 131 Ark. 211, 198 S.W. 521 (1917); *Cavin* v. *State, supra.*

In Arkansas, a circuit court has subject matter jurisdiction to hear and determine cases involving violations of criminal statutes. It is also empowered with authority to impose or suspend sentences, and to revoke those suspended sentences. The statutes conferring this authority prescribe the method the court should follow in exercising its assigned jurisdiction, but the failure of the court to properly pursue those statutes is an entirely different matter from its jurisdiction to determine whether to exercise that power or not. *Lamb* v. *Howton, supra.* Failure to follow the statutory procedure in the exercise of its power constitutes reversible error but does not oust the jurisdiction of the court. *Cavin* v. *State, supra.*

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.