

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-397

|  |  |
|---|---|
|  | **Opinion Delivered** January 22, 2014 |
| JOSHLIN BROTHERS IRRIGATION | APPEAL FROM THE MONROE COUNTY CIRCUIT COURT |
| APPELLANT | [NO. CV-2008-131] |
| V. |  |
|  | HONORABLE KATHLEEN BELL, |
| SUNBELT RENTAL, INC.; NATIONSRENT; WATER BOY PRODUCTS, INC.; and ROBERT JOSHLIN | JUDGE |
| APPELLEES | AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant, Joshlin Brothers Irrigation, contends that the circuit court erred in failing to correctly follow the sections of the Uniform Partnership Act that define a partner's transferable interest and provide a remedy for creditors to receive that interest. Since appellant failed to raise this argument below, we affirm.

Kenny Joshlin and Robert Joshlin were equal partners in Joshlin Brothers Irrigation (the partnership). Robert, individually, started a separate venture and borrowed money from appellee Sunbelt Rentals. He failed to make the loan payments, so Sunbelt sued Robert and obtained a default judgment against him.

Seeking to collect on the judgment, Sunbelt applied for and received a charging order from the circuit court. In it, the court ordered the partnership to direct any payments

due Robert to Sunbelt. It further ordered the partnership to stop making distributions to Robert. The following facts happened in succession: Robert was served with the charging order; he wrote checks to himself drawn on the partnership's bank account; and, sadly, he killed himself.

Aware of Robert's withdrawals, Sunbelt filed a motion for contempt against the partnership. Kenny Joshlin appeared at the contempt hearing on the partnership's behalf. He testified that he knew about the charging order but had no knowledge about Robert's distributions from the partnership's bank account as Robert was the partner who handled the accounts. He argued that Robert's actions were fraudulent and should not be imputed to the partnership. Ark. Code Ann. § 4-46-102(f) (Repl. 2011).[1] The circuit court rejected Kenny's argument and entered a judgment against the partnership.

The partnership appeals and makes a new argument based on sections of the Uniform Partnership Act not raised to the circuit court. Those sections are Ark. Code Ann. §§ 4-46-502 and -504: section 502 defines a partner's transferable interest,[2] and section 504 provides the "exclusive remedy" for judgment creditors against a partner's transferable interest. The partnership argues that the circuit court failed to follow and apply these sections. It is well settled that we will not consider an argument raised for the first time on

---

[1] "A partner's knowledge . . . is effective immediately as knowledge by . . . the partnership . . . *except in the case of fraud on the partnership* committed by . . . that partner" (emphasis added).

[2] "The only transferable interest of a partner in the partnership is the partner's share of the profits and losses of the partnership and the partner's right to receive distributions. The interest is personal property." Ark. Code Ann. § 4-46-502 (Repl. 2011).

SLIP OPINION

appeal, and a party is bound by the scope and nature of the arguments made at trial. *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000). Because this argument was neither raised nor ruled on below, we cannot address it now. *E.g.*, *Bank of the Ozarks v. Walker*, 2013 Ark. App. 517.

To circumvent this problem, the partnership asserts, in its reply brief,[3] that the circuit court's failure to follow sections 502 and 504 deprived the circuit court of subject-matter jurisdiction. It is true that subject-matter jurisdiction can be raised at any time, even for the first time on appeal. *E.g.*, *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). But asserting that an unpreserved argument really goes to subject-matter jurisdiction has been tried, and rejected, before.[4] Put simply, the circuit court has jurisdiction to misinterpret statutes:

> A court's power or authority under a statute does not necessarily implicate subject-matter jurisdiction. Again, subject-matter jurisdiction is lacking where the court is "wholly incompetent to grant the relief sought." A court may act contrary to a statute or in conflict with this court's case law but do so within its subject-matter jurisdiction.

*Edwards v. Edwards*, 2009 Ark. 580, at 8, 357 S.W.3d 445, 449 (citations omitted). Further, jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. *Banning v. State*, 22 Ark. App. 144, 737

---

[3]We also deny the partnership's motion to file a substituted brief. In the motion, the partnership states that, since it raised the jurisdictional argument for the first time in its reply brief, appellees should be given an opportunity to brief the issue. As we explain below, we reject the jurisdictional argument, so there is no need for appellees to respond.

[4]*See, e.g.*, *Wilson v. Golen*, 2013 Ark. App. 267, __ S.W.3d __ (holding that a home study is not a jurisdictional prerequisite in an adoption case and that any error in relying on an inadequate home study has to be raised to the circuit court).



S.W.2d 167 (1987). Subject–matter jurisdiction does not depend on a correct exercise of that power in any particular case. *Id*. As the United States Supreme Court has explained:

> In the judicial context, there *is* a meaningful line: Whether the court decided *correctly* is a question that has different consequences from the question whether it had the power to decide at *all*. . . . A court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect. Put differently, a jurisdictionally proper but substantively incorrect judicial decision is not ultra vires.

*City of Arlington v. FCC*, 133 S. Ct. 1863, 1868–69 (2013) (citations omitted).

So, even assuming that the circuit court erred, the particular error alleged by the partnership did not destroy the circuit court's jurisdiction over the subject matter. The partnership contends that this case is like *Liberty Mutual Insurance v. Coleman*, 313 Ark. 212, 852 S.W.2d 816 (1993), where the supreme court held that an injured employee could not sue in circuit court for nonpayment of work-related medical expenses because the "exclusive remedy" lay with the Workers' Compensation Commission. But here, there is no corresponding "charging order" or "partnership creditor" commission. Instead, there is only the circuit court, which is the state court of original jurisdiction. *E.g.*, *Edwards v. Nelson*, 372 Ark. 300, 275 S.W.3d 158 (2008); Ark. Const. amend. 80, § 60(A). There is a statute (Ark. Code Ann. § 4-46-504) that directs how the circuit court *should* charge a partner's interest in the partnership to a judgment creditor. But, as we have said, "[T]he statutes conferring . . . authority prescribe the method the court should follow in exercising its assigned jurisdiction, but the failure of the court to properly pursue those statutes is an entirely different matter from its jurisdiction to determine whether to exercise that power or not." *Banning*, 22 Ark. App. at 149, 737 S.W.2d at 170. Thus, the judgment may or may not be substantively correct, but it is jurisdictionally proper. A party must allege the error

4

below and obtain a ruling. Since that did not happen, we cannot address the new argument.

Finally, the partnership made, in its reply brief, a perfunctory contention that the circuit court's ruling on the partnership-fraud issue was error. This was after appellees correctly pointed out that the partnership's only argument in its opening brief was unpreserved. An argument cannot be raised for the first time in a reply brief because the appellees have no opportunity to respond. *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005). Consequently, we decline to address the partnership-fraud argument.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Daggett, Donovan & Perry, PLLC*, by: *Robert J. Donovan*; and *Tschiemer Legal Briefing*, by: *Robert S. Tschiemer*, for appellant.

*Hosto & Buchan, P.L.L.C.*, by: *Sammie P. Strange, Jr.*, and *Matthew Scott Runge*, for appellees.