PHILLIP T. WHITEAKER, Judge
A. M. appeals a Howard County Circuit Court order requiring him to register as a sex offender. Because the trial court failed to make written findings on the statutory factors when ordering registration, we reverse and remand for reconsideration of the registration issue.
In March 2014, the Crimes against Children Division of the Arkansas State Police received a referral regarding possible inappropriate contact between fifteen-year-old *288 A.M. and his five-year-old male cousin, K.B.1. During the course of the investigation into that incident, K.B.1's seven-year-old sister, K.B.2, revealed that A.M. had once placed his penis in her mouth. A.M. denied the allegations.
Based on the allegations of inappropriate sexual contact with K.B.2, the State filed a petition alleging that A.M. should be adjudged a juvenile delinquent for committing rape in violation of Arkansas Code Annotated section 5-14-103 (Supp. 2017), a Class Y felony. After a bench trial in July 2015, the Howard County Circuit Court made a delinquency finding, concluding that A.M. had committed the lesser-included offense of second-degree sexual assault and committed him to the Division of Youth Services (DYS). In September 2016, the court ordered that A.M. undergo a registration risk assessment through the Family Treatment Program of UAMS. UAMS subsequently issued a report which indicated that it did not recommend that A.M. be ordered to register as a sex offender.
In June 2017, the court ordered A.M. to serve six months' probation upon his release from DYS and to obtain an updated registration report. An amended order was entered on October 25, 2017, ordering UAMS to complete a juvenile-sex-offender screening and risk assessment. Again, UAMS issued a report that recommended against a registration order.[1]
Although the State did not file a formal motion to seek a registration order, the court conducted a hearing on the issue of registration. At this hearing, the court orally expressed its concern that A.M. was still denying his responsibility for the sexual offenses. The court entered an amended disposition order requiring A.M. to register as a sex offender. The order did not contain any written findings regarding the statutory factors the court must consider when determining the propriety of registration.
A.M. now appeals the order requiring him to register as a sex offender, arguing that the trial court (1) failed to issue written findings as required by statute; (2) improperly considered his continued denials of misconduct; and (3) lacked authority to enter the order because no formal motion seeking same was ever filed. We first address A.M.'s last argument regarding the trial court's authority to require registration.
A.M. argues that the trial court lacked the authority to enter the registration order because the statute contemplates the State filing a motion seeking registration. See Ark. Code Ann. § 9-27-356(d) (Repl. 2015). A.M. did not make this argument below and thus cannot raise it on appeal unless his claim is one of subject-matter jurisdiction. It is well settled that with the notable exception of matters involving subject-matter jurisdiction, we will not consider issues raised for the first time on appeal, even where the issue is a matter of constitutional magnitude. See Turnbough v. Mammoth Spring Sch. Dist. No. 2 , 349 Ark. 341, 345-46, 78 S.W.3d 89, 92 (2002). A.M. recognizes that this argument was not raised below but contends that it is an issue of subject-matter jurisdiction and can be raised here for the first time on appeal. We disagree.
Our courts have recognized a distinction between "want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised." State v. D.S. , 2011 Ark. 45, at 6 n.2, 378 S.W.3d 87, 90 n.2 (quoting Young v. Smith , 331 Ark. 525, 529, 964 S.W.2d 784, 786 (1998) ).
*289 Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside.
Young , 331 Ark. at 529, 964 S.W.2d at 786 (quoting Banning v. State , 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987) ). Although failure to follow the statutory procedure in the exercise of this power constitutes reversible error, it does not oust the jurisdiction of the court. Noble v. Norris , 368 Ark. 69, 243 S.W.3d 260 (2006) (citing Banning, supra ).
Here, A.M.'s argument involves the court's failure to exercise its authority in a manner consistent with the registration statute and is not a question of subject-matter jurisdiction. As a result, it cannot be raised for the first time on appeal. See D.C.T. v. State , 2012 Ark. App. 227, at 3, 2012 WL 1111393.
However, A.M. is correct in his first argument that the registration order must be reversed because the trial court failed to make specific written findings on each statutory factor as required by statute. Arkansas Code Annotated section 9-27-356(e)(2)(A) states that the court shall consider the following factors in making its decision to require the juvenile to register as a delinquent sex offender:
(i) The seriousness of the offense;
(ii) The protection of society;
(iii) The level of planning and participation in the alleged offense;
(iv) The previous sex offender history of the juvenile, including whether the juvenile has been adjudicated delinquent for prior sex offenses;
(v) Whether there are facilities or programs available to the court that are likely to rehabilitate the juvenile prior to the expiration of the court's jurisdiction;
(vi) The sex offender assessment and any other relevant written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and
(vii) Any other factors deemed relevant by the court.
Ark. Code Ann. § 9-27-356(e)(2)(A). Subsection (f) states: "The court shall make written findings on all the factors in subsection (e) of this section," and "[u]pon a finding by clear and convincing evidence that a juvenile should or should not be required to register as a sex offender, the court shall enter its order." Ark. Code Ann. § 9-27-356(f)(1), (2). The order in this case neither listed the statutory factors nor made any written findings with respect thereto. Therefore, it is unclear whether the court fulfilled its statutory obligations in this regard. As a result, we must reverse and remand for consideration of the relevant statutory factors and, if registration is ordered, for the entry of the required written findings.
Because on remand the trial court will reconsider its registration decision under the statutory factors enumerated in the statute, we need not address A.M.'s second argument that the trial court improperly considered his continued denial of wrongdoing. However, we note that the registration statute provides that "under no circumstances shall ... the refusal to admit to an offense for which he or she was *290 adjudicated delinquent, or the refusal to admit to other offenses in the assessment process be considered in the decision whether to require registration." Ark. Code Ann. § 9-27-356 (e)(2)(B).
Reversed and remanded.
Klappenbach and Hixson, JJ., agree.

The report was not introduced into evidence but was filed of record.