Cite as 2021 Ark. App. 95

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-386

|  |  |
|---|---|
| CARMEN OKEREAFOR<br><br>APPELLANT<br><br>V.<br><br>PHIL CONLEY<br><br>APPELLEE | **Opinion Delivered:** March 3, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION<br>[NO. 60DR-20-298]<br><br>HONORABLE MELANIE MARTIN, DISTRICT JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Carmen Okereafor appeals an order of protection[1] entered in favor of Phil Conley, her former husband, with respect to their minor children, K.C.1[2] and K.C.2.[3] On appeal, Okereafor argues that the circuit court erred by issuing the protective order because (1) a no-contact order had been issued in an ongoing criminal case and (2) the evidence did not warrant an order of protection for three years. We affirm.

---

[1]A district court judge issued the order of protection. Protective orders may be referred to a state district court judge. Ark. Sup. Ct. Admin. Order No. 18(6)(b)(2); *see also Smith v. Murphy*, 2017 Ark. App. 188, 517 S.W.3d 453.

[2]She was born in August 2007.

[3]He was born in July 2008.

On January 23, 2020, Conley petitioned for an order of protection from Okereafor on behalf of K.C.1 and K.C.2 under the Domestic Abuse Act, codified at Arkansas Code Annotated section 9-15-101 (Repl. 2015). He alleged that on January 17, Okereafor had punched K.C.1 in the face and had dragged her by her hair. He further noted that the abuse had been reported to law enforcement and that Okereafor had been criminally charged. He requested temporary custody of the children and to exclude Okereafor from both his home and the children's school. The court entered an ex parte order of protection and set a hearing for February 20.

At the hearing, Okereafor informed the court that she had been arrested the week prior for domestic battery and tampering with evidence. She stated that a plea hearing had been scheduled, and a no-contact order had been issued in that case. She therefore asserted that a civil order of protection was unnecessary. The court proceeded with the hearing.

K.C.1 testified that in January, she had a disagreement with Okereafor concerning her brother's homework and that Okereafor had punched her ten times in the face and had dragged her by her hair. She testified that she had a red, swollen eye and that some of her hair had been pulled from her head. She explained that she previously lived with Okereafor and her stepfather on weekdays and stayed with Conley on the weekends, but since the incident, she had been living only with Conley. She further testified that Okereafor made her feel unsafe in the home, and she noted that her stepfather had slapped her and had forced her and K.C.2 to kneel for two hours as punishment for arguing. She told the court that she did not want to return to Okereafor's home.

K.C.2 testified that he was in the home when K.C.1 got into an argument with Okereafor concerning his homework. He stated that he did not witness Okereafor hit K.C.1 but that he heard "the sound of someone punching something" and his sister crying and yelling. He told the court that he feared Okereafor.

Following the hearing, the court issued an order of protection for three years. Specifically, the court restrained Okereafor from committing any criminal act against the children, prohibited her from initiating any contact with them, and excluded her from Conley's residence. This appeal followed.[4]

Our standard of review following a bench trial is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Bohannon v. Robinson*, 2014 Ark. 458, 447 S.W.3d 585. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*. Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Id*. We review issues of statutory interpretation de novo. *Claver v. Wilbur*, 102 Ark. App. 53, 280 S.W.3d 570 (2008).

On appeal, Okereafor first argues that the circuit court erred as a matter of law by entering the order of protection with a no-contact provision because the criminal court had already entered a no-contact order. She claims that the order of protection conflicts with

_____

[4]The final order of protection is a form order, and the circuit court did not check the box indicating an award of temporary custody to Conley.

the preexisting power of the criminal court, and she cites the following section in the Domestic Abuse Act:

> The General Assembly hereby finds that this chapter is necessary is to secure important governmental interests in the protection of victims of abuse and the prevention of further abuse through the removal of offenders from the household and other injunctive relief *for which there is no adequate remedy in current law.*

Ark. Code Ann. § 9-15-101 (emphasis added). She specifically points to the no-contact provision in the order of protection and asserts that the court could have issued other remedies under the Domestic Abuse Act, such as an order removing her from the home. She further argues that as result of the ongoing criminal proceeding, she could not respond to Conley's petition in the form of her own testimony because that testimony would have forfeited her Fifth Amendment right.

Because Okereafor did not raise these arguments at the hearing before the circuit court, they are not preserved for our review. We will not address issues raised for the first time on appeal. *Kankey v. Quimby*, 2020 Ark. App. 471, 611 S.W.3d 671. Accordingly, we find no reversible error on this point.

In her reply brief, Okereafor does not contest that she failed to raise the argument to the circuit court. Instead, she claims that the argument is an issue of subject-matter jurisdiction and can be raised for the first time on appeal. We disagree.

Our courts have recognized a distinction between "want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised." *State v. D.S.*, 2011 Ark. 45, at 6 n.2, 378 S.W.3d 87, 90 n.2 (quoting *Young v. Smith*, 331 Ark. 525, 529, 964 S.W.2d 784, 786 (1998)).

4

Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside.

*Young*, 331 Ark. at 529, 964 S.W.2d at 786 (quoting *Banning v. State*, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987)). Although failure to follow the statutory procedure in the exercise of this power constitutes reversible error, it does not oust the jurisdiction of the court. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006) (citing *Banning*, 22 Ark. App. 144, 737 S.W.2d 167).

Here, Okereafor argues that the circuit court failed to adhere to section 101 of the Domestic Abuse Act when it included a no-contact provision in the protective order in light of the preexisting no-contact order in the ongoing criminal case. In other words, the issue here is whether the court exercised its authority in a manner consistent with a correct interpretation of the statute, not whether the court had the power to so act. Thus, it was not a question of subject-matter jurisdiction, and as a result, it cannot be raised for the first time on appeal. *See A.M. v. State*, 2018 Ark. App. 622, 568 S.W.3d 285; *D.C.T. v. State*, 2012 Ark. App. 227.

Okereafor also argues that the circuit court erred by entering the protective order for a three-year duration. She claims that the evidence shows that the altercation with K.C.1 was an isolated incident and that there was no evidence of a pattern of abuse. She thus claims that the facts warrant an order of protection for a shorter duration.

After finding domestic abuse, the court may grant relief for a fixed period of time between ninety days and ten years, in the discretion of the court. Ark. Code Ann. § 9-15-205(b) (Repl. 2015). Orders of protection are also subject to modification. Ark. Code Ann. § 9-15-209 ("Any order of protection issued by the circuit court pursuant to a petition filed as authorized in this chapter may be modified upon application of either party, notice to all parties, and a hearing thereon."); *see also Smith*, 2017 Ark. App. 188, 517 S.W.3d 453. Given the circumstances of this case, we cannot say that the circuit court erred by entering a three-year protective order.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*WH Law*, by: *Logan M. Mustain*, for appellant.

*Phil Conley*, pro se appellee.