CASEY *v.* SELF.

5-2996                                    367 S. W. 2d 114

Opinion delivered April 29, 1963.

*Robert E. Irwin,* for appellant.

*Parker Parker,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellants seek to have nullified an order to punish them for contempt. The order was made by the Pope Chancery Court (Judge Wiley Bean presiding) on July 16, 1962, and contained this language:

"IT IS THEREFORE BY THE COURT, ordered, adjudged, and decreed that the Defendants, Leo Casey and Ella Casey, shall comply with the decree of this Court dated 24th day of October, 1961 within 30 days of this date.

"It is further ordered and directed that the Clerk of this Court issue a commitment to the Sheriff of Pope County to arrest said Ella Casey and Leo Casey, and hold them in the Pope County Jail subject to the further orders of this Court, should the said Leo Casey and Ella Casey fail and refuse to comply with the Decree of October 24, 1961."

The point appellants now seek to urge is that the decree of October 24, 1961 was void and therefore they should not be required to comply with the order of July 16, 1962. The first time the appellants ever questioned the validity of the decree of October 24, 1961 was by a "Response" filed by them on June 22, 1962, which response reads:

"That the original judgment in this case entered on October 24, 1961, is void for the reason that the Act under which Honorable John G. Rye was appointed special Chancellor during the temporary absence of the duly elected Chancellor George O. Patterson, is unconstitutional."

Although there is no evidence of any kind in the record in this case, the appellants say in their brief in this Court:

"In September, 1961, Judge Patterson became ill and certified himself unable to perform his duties as Chancellor. On September 25, 1961, Honorable Orval E. Faubus, Governor of Arkansas, appointed Honorable John G. Rye, a member of the Pope County Bar, to serve as special chancellor. This appointment was made by virtue of Act 417 of 1941 which appears as Ark. Stat. 22-437 through 22-440. During the time the Honorable John G. Rye was serving as special chancellor, under his appointment by the governor, the evidence and testimony was transcribed and presented to Judge Rye for determination. Judge Rye rendered a decree of specific performance in favor of the plaintiff."

In short, the appellants here insist that the decree of October 24, 1961 was void and therefore the appellants should not be required to comply with the order of July 16, 1962.

There are several answers to appellants' insistence:

1. Whether John G. Rye was a *de jure judge* or a *de facto* judge of the Pope Chancery Court on October 24, 1961, is entirely immaterial on the present appeal. The Pope Chancery Court was a *de jure* court, and John G. Rye was presiding as Judge thereof when he rendered the

decree of October 24, 1961. Appellants gave notice of appeal from that decree, but abandoned the appeal. So the decree of the Pope Chancery Court of October 24, 1961 is final. We held in *Pope* v. *Pope,* 213 Ark. 321, 210 S. W. 2d 319, that when the court was *de jure* and the judge presiding was merely *de facto,* nevertheless the judgments and decrees of the Court were valid. That case settles the validity of the decree of October 24, 1961 in the case at bar.

2. Another reason why appellants cannot prevail on their argument in the present case is because the record here before us shows that on May 17, 1962, Judge Wiley Bean (whose status as a *de jure* judge of the Pope Chancery Court is not questioned by the appellants), while presiding over the Pope Chancery Court, reviewed the entire case on motion for citation and held that the decree of specific performance made on October 24, 1961, was in all respects valid and binding on the present appellants. An order was then entered by the Pope Chancery Court on May 17, 1962, directing the appellants, present in Court at the hearing, to comply with the said order within ten days. There was no appeal from the order of May 17, 1962; and it is the refusal of the appellants to comply with that order by Judge Bean that brought about the citation for contempt here involved. In short, the order of May 17, 1962 is final and binding on the appellants.

3. A third reason for holding against the appellants is the fact that they did not perfect an appeal from either the decree of October 24, 1961 or the order of May 17, 1962. Rather, the appellants elected to ignore those orders; and when brought before the Court for punishment for contempt, they sought to plead the invalidity of the previous orders. We held in *Carnes* v. *Butt,* 215 Ark. 549, 221 S. W. 2d 416, and again in *Hickinbotham* v. *Williams,* 227 Ark. 126, 296 S. W. 2d 897, that a party who violated an order of injunction could not test the validity of the original order when cited for contempt for its violation. Those cases are ruling here, and the appellants cannot resist the punishment for contempt by claiming invalidity of the orders of which they were contemptuous. The remedy of the appellants was to appeal from

the orders which they considered erroneous; and they failed to prosecute such appeals.

Finding no merit in the appellants' contentions, we afford them no relief, whether we treat this as an appeal or a *certiorari* proceeding.