1140

GILMORE *v.* GILMORE.

5-3720

396 S. W. 2d 936

Opinion delivered December 20, 1965.

*J. B. Milham,* for appellant.

No brief filed for appellee.

ED. F. McFADDIN, Associate Justice. The Saline Chancery Court adjudged James T. Gilmore guilty of contempt and sentenced him to sixty days in jail, and we are asked to review and reverse that order.

James T. Gilmore and Morean Gilmore were the parents of three children, being two girls and one boy. The Gilmores were divorced several years ago and Mrs. Gilmore has the care and custody of the children, with Mr. Gilmore to contribute to their support. He has several times been found guilty of contempt for failure to make the contribution payments which, by the latest order, were fixed at $8.50 a week. On June 10, 1965 he was again cited for contempt for failure to make such payments; and a hearing was held on that citation on June 24, 1965. At the conclusion of the hearing the Chancery Court made the following finding and order:

"That defendant has been cited before this Court seven (7) times for non-payment of child support; that he has been employed since January of 1965 and has made no payments for child support since prior to September 17, 1964, at which time he was sentenced to ten days in jail for contempt of Court for non-payment of child support; . . . . he is now behind in the total of $506.00; and the Court finds that he is in contempt of this Court and that he has shown no excuse for his failure to comply with the prior Orders of this Court to pay child support. "It is therefore, by the Court, CONSIDERED and ORDERED that the defendant be and he is hereby to serve sixty (60) days in jail; provided however, that the defendant may purge himself of contempt of Court by paying the sum of $506.00 to the plaintiff through the registry of this Court; otherwise an immediate commitment is hereby ordered to be made by the Clerk of this Court."

It is the above copied order that James T. Gilmore now asks us to review and reverse; and he argues three points.

## I.

Appellant's first point is: "The Chancellor erred in holding appellant in contempt of court for failing to pay support to the two girls after they became 18 years old."

The evidence shows that the Gilmores have three children. One is a daughter, Billie, who is past 18 years of age. The monthly payments had originally been $12.50 per week, but when Billie reached 18 the payments were reduced to $8.50 per week. The other two children are: a boy aged 13, who is in the seventh grade at school; and a daughter, Tena, aged 20, who is crippled and has been crippled since birth. Even with such defect she has completed one year of college and is attempting to qualify herself to be self-supporting and is being aided by the Arkansas Rehabilitation Service. In his first point Gilmore insists that the Court order finding him guilty

of contempt was in error be cause the Court was requiring him to contribute to the partial support of his cirppled daughter. When Mr. Gilmore made this contention in the Lower Court, the Chancellor reminded him that this was a case in which he was being cited for contempt, and not a case in which he was asking that the weekly payments be reduced. Assuming, but certainly not holding, that the father in this case would be held not liable for the support of his crippled daughter because she was over the age of 18 years, nevertheless, he should have filed a motion and sought a hearing on that point. He could not wilfully disobey the order to pay $8.50 a week and then, when cited for contempt, seek to have the order changed. *Casey* v. *Self*, 236 Ark. 496, 367, 367 S. W. 2d 114; *Carnes* v. *Butt*, 215 Ark. 549, 221 S. W. 2d 416. We find no merit in Mr. Gilmore's first point.

## II.

Mr. Gilmore's second point reads: "The Chancellor erred in committing appellant to the County Farm in Phillips County, Arkansas, or any other farm." This point was raised for the first time in the appellant's brief in this Court. We have carefully examined the transcript and there is not a line in the testimony or the Court order which makes any reference to Mr. Gilmore being committed to any place except the jail. We have heretofore copied the order and it says that he will be confined sixty days in jail but provided that he can purge himself of contempt by paying $506.00. Mr. Gilmore filed a petition in this Court for bail pending our hearing, and we granted the motion; so he may yet purge himself of contempt. At all events, there is nothing in the record on which Mr. Gilmore can predicate his second point.

## III.

Mr. Gilmore's third point reads; "The order and decree of the Chancellor is against the preponderance of the evidence, in that the evidence does not prove that appellant wilfully refused to make the payments, and the evidence failed to show that appellant legally owed the

amount of $323.00 accumulating since September 17, 1964." There is no merit to this point. Mr. Gilmore admitted that he was making $103.07 take home pay every two weeks. Surely a man making that much money can contribute $8.50 a week to the support of his children. With his pay what it is and his continuous refusal to make the support payments, the Chancery Court was thoroughly justified in the contempt order here involved.

Finding no error, the judgment of contempt is in all things affirmed.