FARM BUREAU POLICYHOLDERS and MEMBERS,
Dennis Lee, Class Representative *v.* FARM BUREAU
MUTUAL INSURANCE COMPANY of ARKANSAS, INC.,
and Southern Farm Bureau Casualty Insurance Company, Inc.

97-1028                                       952 S.W.2d 675

Supreme Court of Arkansas
Opinion delivered October 23, 1997

*Gibson Law Office*, by: *Charles S. Gibson*, for appellants.

*Friday, Eldredge & Clark*, by: *Robert S. Shafer* and *William A. Waddell, Jr.*, for appellees.

PER CURIAM. Appellees Farm Bureau Mutual Insurance Company, Inc., and Southern Farm Bureau Casualty Insurance Company, Inc., have moved to dismiss the appellant's appeal. The basis of this motion is the contention that Judge Lawrence Dawson did not have the authority to extend the time for filing the record on appeal.

Judge Dawson was assigned this case on April 4, 1994, after the recusal of the other chancellors in Chicot County. The case was tried and Judge Dawson entered a decree on December 31, 1996, finding in favor of appellees and dismissing appellants' complaint with prejudice. Judge Dawson's term of office expired on December 31, 1996. On January 23, 1997, Judge Dawson's assignment was terminated and Judge Jim Gunter was assigned to preside in the case. On January 28, 1997, Judge Gunter notified the administrative office of the courts that he must recuse. On February 12, 1997, the assignment of Judge Gunter was terminated.

Appellants' motion for new trial was not acted upon and was deemed denied by operation of law on February 10, 1997. On February 21, 1997, appellants timely filed notice of appeal and designation of record. On March 31, 1997, appellants timely moved for an extension of time to lodge the record of appeal; this motion was granted and signed by Judge Dawson on April 7, 1997. The order was filed on April 9, 1997; Judge Dawson extended the time to lodge the record on appeal to September 21, 1997. Appellant filed the record with this court on September 4, 1997.

Appellees contend that Judge Dawson had no authority to enter the order extending time to lodge the record on appeal. Based upon this lack of authority, appellees claim that such filing of the record is outside of time prescribed by Rule 5(a) of the Arkansas Rules of Appellate Procedure—Civil and is untimely.

On February 27, 1997, pursuant to Act 274 of General Assembly, Governor Mike Huckabee appointed Judge Dawson Chancellor of the Fifth Division of the Chancery Court of the Eleventh Judicial Circuit-West for a two-year term expiring on December 31, 1998. Section (d) of the Act provides that said Chancellor "may be assigned to any and all . . . chancery circuits of the State of Arkansas where the local chancellor or chancellors have recused or have been disqualified."

■ Judge Dawson was the original trial judge in this case and was a duly qualified chancellor at the time he signed the order of April 7, 1997, despite the fact that the case was not officially assigned to him. Judge Dawson was a *de facto* judge on that date. *American Jurisprudence* defines a *de facto* judge as follows:

> A *de facto* judge may be defined as one who occupies a judicial office under some color of right, who exercises the duties of the judicial office under color of authority pursuant to an appointment or election thereto, and for the time being performs those duties with public acquiescence, though having no right in fact, because the judge's actual authority suffers from some procedural defect.

46 AM. JUR. 2D *Judges* § 242 (1994).

■ The rule governing validation of acts of *de facto* officials is based upon public policy, and its origin and history show it is founded in comparative necessity. *Landthrip v. City of Beebe*, 268 Ark. 45, 593 S.W.2d 458 (1980), *citing Adams v. Lindell*, 5 Mo. App. 197 (1878). The doctrine rest upon principles of protection of the public and third parties, and was engrafted upon the law as a matter of policy and necessity to protect the interest of the public and individuals involved in the acts of persons performing the duties of an official without actually being one in law. *Landthrip v. City of Beebe*, *supra*, citations omitted. *See also, Chronister v. State*, 55 Ark App. 93, 931 S.W.2d 444 (1996). In *Landthrip v. City of Beebe*, this court extended the doctrine of *de facto* officials to the courts based upon the fact that such courts are authorized by law, even when defectively done.

■ In the case before us, a time existed where no judge was formally assigned to this case. Judge Dawson's jurisdiction

would have continued had his term not expired. Judge Gunter's recusal left this case without a presiding judicial officer; therefore, as a matter of law, motions were denied by the absence of a timely ruling. We conclude that Judge Dawson was a *de facto* judge when he ruled upon the motion for an extension of time. Although his authority over the case at hand was defective, he was a duly authorized chancellor. In the interest of public policy, we hold that his ruling is effective, and the appellees motion to dismiss is denied.

GLAZE and CORBIN, JJ., not participating.