Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have presented the following question for my opinion:
 If the Arkansas Fire Police Pension Review Board (PRB) receives a benefit increase proposal from a local pension board the composition of which does not comply with A.C.A. § 24-11-801, in that all of the local board's members are on DROP, can the PRB refuse to process the proposal on the basis that it came from a board that did not have the ¾ majority necessary to propose an increase?
Response
It is my opinion that the Arkansas Fire Police Pension Review Board cannot refuse to process a benefit increase proposal on the grounds that the proposal was presented by a board that was out of compliance with the composition requirements of A.C.A. § 24-11-801.
The provisions of A.C.A. § 24-11-801 establish requirements concerning the composition of local pension boards. Generally, the membership of such boards must reflect the same balance of retirees and active members that exists among the participants in the system as a whole. If all members of the board are DROP participants, the board is unquestionably out of compliance with the requirements of A.C.A. § 24-11-801. See Ops. Att'y Gen. Nos. 97-116; 97-007. Nevertheless, the members who are serving on a local pension board in violation of the requirements of A.C.A. §24-11-801 are deemed to be de facto board members. A de facto officer is a person who is in possession of an office by color of right (such as public acquiescence) and who performs its duties, even though he has no right in fact to possess the office. See Faucette, Mayor v. Gerlach,132 Ark. 58, 200 S.W. 279 (1918). For a more thorough discussion of de facto
officers, see Op. Att'y Gen. No. 2000-008.
The Arkansas courts have consistently upheld the acts of de facto
officers as being valid and enforceable. See, e.g., Bell v. State,334 Ark. 285, 973 S.W.2d 806 (1998); Chronister v. State, 55 Ark. App. 93,931 S.W.2d 444 (1996); Dilday v. State, 300 Ark. 249, 778 S.W.2d 618
(1989); Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807
(1987); Casey v. Self, 236 Ark. 496, 367 S.W.2d 114 (1963); Brown v.Anderson, 210 Ark. 970, 198 S.W.2d 188 (1946); Forrest City Gro. Co. v.Catlin, Executor, 193 Ark. 148, 97 S.W.2d 910 (1936). The acts of defacto officers cannot be collaterally attacked. Id. Accordingly, a benefit increase proposal that is presented by a board composed in part of de facto board members must be deemed a valid benefit increase proposal. A refusal by the Arkansas Fire Police Pension Review Board to process the proposal would constitute an impermissible collateral attack.
The Arkansas Fire Police Pension Review Board must comply with the requirements of A.C.A. § 24-11-102, concerning benefit increase proposals. That statute states in full:
 (a) The board of trustees of a municipal firemen's relief and pension fund and the board of trustees of a policemen's pension and relief fund are authorized to increase benefits for future or current retired members and beneficiaries of the firemen's relief and pension fund or policemen's pension and relief fund.
 (b) Any proposed increase by the board of trustees shall be in strict compliance with the following conditions:
 (1) The board of trustees of the firemen's relief and pension fund or policemen's pension and relief fund shall adopt a resolution approved by not less than three-fourths (3/4) of the membership of the board of trustees, outlining the proposed increase in benefits;
 (2)(A) The action proposed by the board of trustees under the resolution shall be determined by actuarial evaluations to be actuarially feasible to the extent that the unfunded liabilities resulting from the proposed increase in member or beneficiary benefits under the fund will be funded over a period of not more than thirty (30) years, pursuant to rules promulgated by the Arkansas Fire and Police Pension Review Board, based on the current available and known revenue or income sources available to the retirement and pension fund.
 (B) The actuarial evaluations shall be made by an actuary who is a member of the American Academy of Actuaries and who is employed by the Arkansas Fire and Police Pension Review Board.
 (C) The Executive Director of the Arkansas Fire and Police Pension Review Board shall state the actuarial findings in writing to the board of trustees and shall certify the appropriate action to be taken;
 (3)(A) A copy of the resolution adopted by the board of trustees of the firemen's relief and pension fund or policemen's pension and relief fund outlining the proposed increase in member or beneficiary benefits is filed with the executive director, who shall determine that an actuarial evaluation has been made in accordance with the provisions of this subchapter and that the actuarial evaluation had determined that the proposed increase in benefits may be funded, over a period of time set forth in subdivision (b)(2)(A) of this section, based on available or defined revenue sources of the relief fund, in which event the executive director may approve the proposed increase to member beneficiary benefits under the firemen's relief and pension fund or policemen's pension and relief fund.
 (B) The board of trustees of the firemen's relief and pension fund or policemen's pension and relief fund shall comply with the appropriate action as approved by the executive director;
 (4)(A) A copy of the resolution adopted by the board of trustees, a copy of the actuarial evaluation, and a copy of the action taken by the executive director is filed with the circuit clerk and the city clerk of the county and city in which the firemen's relief and pension fund or policemen's pension and relief fund is located.
 (B) All actions taken by the executive director shall be subject to review and acceptance by the Arkansas Fire and Police Pension Renew Board.
 (c) If it is determined by the Arkansas Fire and Police Pension Review Board that a local pension plan is not complying with the provisions of law governing benefit increases, the executive director of the board shall certify that noncompliance to the Insurance Commissioner, and the Insurance Commissioner shall withhold all moneys otherwise due the plan from the state until compliance is achieved.
A.C.A. § 24-11-102.
The obligations of the Arkansas Fire and Police Pension Review Board to respond to a benefit increase proposal under the above-quoted statute are mandatory. The statute permits the Board no discretion to refuse to process a benefit increase proposal. The board may refuse to authorize the increase only in the event that the actuarial evaluation of the proposal indicates that the increase would be actuarially unfeasible. Although the Board is authorized to certify to the Insurance Commissioner any noncompliance with the law governing benefit increases, the Board is not authorized to take any action concerning non-compliance with the composition requirements of A.C.A. § 24-11-801.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General