The Honorable Tracy Steele State Senator P.O. Box 9267 North Little Rock, AR 72119
Dear Senator Steele:
I am writing in response to your request for my opinion on the following questions:
 1. Can an attorney hold two municipal/district judge positions in the same county?
 2. Can the same attorney hold two municipal/district judge positions and serve as the deputy prosecutor in the same county?
 3. If either of the previous questions violates current state law, what would be the retroactive effect on any cases handled by the individual who served as municipal/district judge and deputy prosecutor?
RESPONSE
It is my opinion that the answer to your first question is "no," assuming that you are not referring to a district judge who is serving more than one district court under an agreement between municipalities pursuant to A.C.A. §§ 16-17-101 (Repl. 1999), 16-17-402 or -403 (Supp. 2003), or following his or her employment to serve another court pursuant to A.C.A. § 16-17-105 (Repl. 1999). The answer to your second question is "no," in my opinion. With regard to your third question, it is my opinion that cases handled by this individual likely would be unaffected owing to the so-called "de facto" officers doctrine.
Question 1 — Can an attorney hold two municipal/district judge positionsin the same county?
You have not identified the particular district judgeship(s) or the circumstances surrounding this dual service.[1] Generally, however, the answer to this question is "no," based on Ark. Const. art. 19, § 6 and amend. 80, § 16(F). Section 6 of Article 19 states:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
Section 16(F) of Amendment 80 provides:
 Circuit, District, and Appellate Court Judges and Justices shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this state or the United States, except as authorized by law.
The legislature has not authorized a district court judge permanently to serve in that capacity in more than one district.[2] Nor could it do so without contravening these constitutional provisions. The only exception, in my opinion, is in the event a county contiguous to the county from which a district judge was elected lacks any qualified candidates for district judge. As I have previously had occasion to note, Sections 7(D) and 16(D) of Amendment 80 will authorize the dual judicial service in that instance. See Op. Att'y Gen. Nos. 2003-341 and 2001-264 (concluding that the authority under Ark. Const. amend. 80, § 7(D) for a district judge to "serve in one or more counties" is qualified by § 16(D) of Amendment 80, which provides that the geographical area served by a judge may include a contiguous county that has no qualified candidates).
Question 2 — Can the same attorney hold two municipal/district judgepositions and serve as the deputy prosecutor in the same county?
The answer to this question is "no," in my opinion, because this would be in derogation of Ark. Const. amend. 80, § 16(F), supra. As stated above, a district court judge may not constitutionally hold two district judge positions except in the noted limited circumstances. Regarding the position of deputy prosecutor, the Arkansas Supreme Court in Martindalev. Honey, 259 Ark. 416, 418-19, 533 S.W.2d 198 (1976), concluded that deputy prosecuting attorneys are state officers, their acts being of equal force with the prosecuting attorneys. 259 Ark. at 419. I believe it necessarily follows that a district court judge may not serve as a deputy prosecutor without violating Ark. Const. amend. 80, § 16(F).
Question 3 — If either of the previous questions violates current statelaw, what would be the retroactive effect on any cases handled by theindividual who served as municipal/district judge and deputy prosecutor?
Assuming that the individual had a fair color of right or title to the office (through, for example, election or appointment to the position by the legally constituted authority), the cases would be unaffected because he or she would be deemed a "de facto" officer. The actions of such person are not "void ab initio," but rather are "valid and effectual, while he is permitted to retain the office, as though he were an officer by right." Appleby v. Belden Corp., 22 Ark. App. 243, 247, 738 S.W.2d 807
(1987). The Arkansas courts have consistently upheld the acts of "de facto" officers as being valid and enforceable. See, e.g., Bell v.State, 334 Ark. 285, 973 S.W.2d 806 (1998); Chronister v. State,55 Ark. App. 93, 931 S.W.2d 444 (1996); Dilday v. State, 300 Ark. 249,778 S.W.2d 618 (1989); Appleby v. Belden Corp., supra; Casey v. Self,236 Ark. 496, 367 S.W.2d 114
(1963); Brown v. Anderson, 210 Ark. 970, 198 S.W.2d 188
(1946); Forrest City Gro. Co. v. Catlin, Executor, 193 Ark. 148,97 S.W.2d 910 (1936). This "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quotingFaucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] I refer to "district" rather than "municipal" judgeships because "district courts" were established effective July, 2001 by Amendment 80
to the Arkansas Constitution, which reorganized the court system in Arkansas. See Ark. Const. amend. 80, § 7 (a). See also
Acts 2001, No. 1693 (denominating municipal courts as district courts and municipal court judges as district judges).
[2] But see A.C.A. §§ 16-17-101, -402 and -403 (authorizing agreements between and among cities to be served by the same district judge) and -105 (authorizing a city to employ the judge of another district court in the event of a vacancy in the city's district court under certain circumstances). These Code sections will be ineffective after January 1, 2005, following their repeal on that date by Act 1185 of 2003. See
Acts 2003, No. 1185, §§ 102, 106, and 143.